# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MARSHALL VETTER,**
**Claimant Below, Petitioner**

**FILED**
**February 15, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 22-ICA-193**     (BOR Appeal No.: 2058261)
(JCN: 2012027670)

**PILGRIM'S PRIDE CORP. OF WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marshall Vetter appeals the September 27, 2022, order of the Workers' Compensation Board of Review ("Board"). Mr. Vetter's employer, Respondent Pilgrim's Pride Corp. of West Virginia, Inc. ("Pilgrim's Pride"), filed a timely response.[1] Mr. Vetter did not file a reply. The issue on appeal is whether the Board erred in affirming the Office of Judges' ("OOJ") order that affirmed the claim administrator's denial of permanent total disability ("PTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Vetter was granted a 25% workers' compensation permanent partial disability ("PPD") award on October 17, 2001, for an injury to his lumbar spine. In a subsequent separate claim, Mr. Vetter was diagnosed with hypersensitivity pneumonitis due to his employment by Pilgrim's Pride. On March 1, 2018, Mr. Vetter was granted a 30% PPD award for hypersensitivity pneumonitis due to exposure to organic dusts contained in breadings and spices in circumstances of high heat and humidity. On April 6, 2018, Mr. Vetter submitted his application for permanent total disability ("PTD") benefits to the claim administrator.

Mr. Vetter was evaluated on September 20, 2018, by Joseph Grady, M.D., who specializes in Internal Medicine, regarding hypersensitivity pneumonitis. Dr. Grady opined that the condition was chronic and would not end, but was stable under the current

---

[1] Petitioner is represented by Reginald D. Henry, Esq. and Lori J. Withrow, Esq. Respondent is represented by H. Dill Battle, III, Esq.

1

treatment. Using Mr. Vetter's pulmonary function results from January 19, 2017, and Table 8 page 162 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("the AMA *Guides*"), Dr. Grady classified Mr. Vetter as Pulmonary Class 2 based on his FVC and FEV1, and in Class 3 for his diffusion capacity. For the most significant impairment, Dr. Grady opined Mr. Vetter would be classified at the bottom of Class 3 with a range of 26% to 50%. Because his diffusion capacity of 57% of predicted was just over the cutoff criteria, Dr. Grady placed him at a 28% whole person impairment. He recommended that Mr. Vetter avoid further exposure to allergens and not return to his previous work. Dr. Grady evaluated Mr. Vetter again on January 22, 2019, for both hypersensitivity pneumonitis and for his lower back injury. Dr. Grady found a 28% whole person impairment for the pulmonary condition and found a 13% whole person impairment for Mr. Vetter's lower back surgery. Dr. Grady found, using the Combined Values Chart, Mr. Vetter's impairment was 37% whole person impairment. Dr. Grady did not believe apportionment was necessary.

On June 12, 2019, Cecile Rose, M.D., a pulmonologist, performed a pulmonary function test on Mr. Vetter. Dr. Rose opined that Mr. Vetter's disease is associated with substantial lung function abnormality requiring ongoing immunosuppressive therapy with methotrexate. She found that Mr. Vetter had suffered two upper respiratory infections in the six months before the visit, and that the pulmonary study showed an FVC of 59% with a diffusion capacity of 61%. Dr. Rose opined that the chest radiograph revealed mildly increased patchy parenchymal opacities. Mr. Vetter had a follow up with Dr. Rose on December 10, 2019, and had a pre-bronchodilator test. The test showed that the FVC was 59% of predicted, the FEV1 was 63% of predicted, and the DLCO was 64% of predicted.

The PTD Review Board issued its final recommendations on March 9, 2020. The PTD Review Board found that Dr. Grady's January 22, 2019, evaluation was the most current and accurate assessment of the claimant's whole body medical impairment and accepted the 13% whole person impairment for the lower back. The OOJ determined in an order on March 1, 2018, that Mr. Vetter had a 30% whole person impairment due to hypersensitivity pneumonitis; the PTD Review Board accepted this determination. The PTD Review Board found a combined total of 39% impairment, stating that Mr. Vetter did not meet the required 50% threshold for further consideration of PTD.

By order dated March 26, 2020, the claim administrator denied Mr. Vetter's application for PTD based on the findings of the PTD Review Board. Mr. Vetter protested this order.

On August 4, 2021, Mr. Vetter underwent a Transthoracic Echocardiogram and a pulmonary function test which showed the FVC was 59% of predicted, the FEV1 was 64% of predicted, and the DLCO was 54% of predicted.

On August 5, 2021, Dr. Rose prepared a report that noted Mr. Vetter's cough had worsened, and he had been feeling more tired. She reported that his pulmonary function testing on August 4, 2021, showed a decline in total lung capacity and diffusion capacity. She reported an Oxygen Face to Face Discussion report revealed oxygen saturation dropping to 83% after walking on room air, and shortness of breath with exertion. On August 16, 2021, Dr. Rose prepared a report that noted Mr. Vetter was a long-standing patient of hers and that his work-related chronic hypersensitivity pneumonitis had worsened since his impairment rating several years ago. She stated to a reasonable degree of medical probability that the claimant had at least 50% whole person impairment due to chronic work-related hypersensitivity pneumonitis, referencing Table 85-20-A from West Virginia Code of State Rules § 85-20-A.

On November 16, 2021, Mr. Vetter was evaluated by George L. Zaldivar, M.D., a pulmonologist. Using the AMA *Guides*, Dr. Zaldivar opined that Mr. Vetter has a 30% impairment. Dr. Zaldivar reviewed Mr. Vetter's pulmonary studies from June 12, 2019, December 10, 2019, and August 4, 2021. He noted that ground-glass opacities were new and the result of progression of the hypersensitivity pneumonia to fibrosis. Dr. Zaldivar ordered new pulmonary function testing, which was performed on November 3, 2021. The new testing showed the FVC was 61% of predicted, the FEV1 was 67% of predicted, and the DLCO was 61% of predicted.

Marsha Bailey, M.D., who specializes in occupational medicine, completed a records review and issued a report dated December 14, 2021. Dr. Bailey opined that Dr. Rose's report and opinion of 50% impairment, as based on West Virginia Code of State Rules § 85-20-A, Table 85-20-A, was flawed and "grossly invalid." Dr. Bailey agreed with Dr. Zaldivar's determination of 30% impairment for Mr. Vetter's lung disease. She combined that with Dr. Grady's determination of 13% impairment for Mr. Vetter's back and found 39% total whole person impairment.

On April 29, 2022, the OOJ affirmed the claim administrator's order denying PTD benefits based on the reevaluation of Mr. Vetter's lumbar back injury. On September 27, 2022, the Board affirmed the OOJ's order. Mr. Vetter now appeals the order of the Board.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;

3

(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Mr. Vetter argues that the preponderance of the evidence provides that he has sustained more than a 50% whole person impairment. Mr. Vetter further argues that the OOJ overlooked the fact he had previous PPD awards that totaled over a 50% level of impairment and that Dr. Rose was Mr. Vetter's treating physician and was in a better position to determine his level of impairment than the other physicians.

West Virginia Code § 23-4-6(n)(1) (2005) provides that,

in order to be eligible to apply for an award of permanent total disability benefits for all injuries incurred and all diseases, including occupational pneumoconiosis, regardless of the date of last exposure…a claimant: (A) Must have been awarded the sum of fifty percent in prior permanent partial disability awards; (B) must have suffered a single occupational injury or disease which results in a finding by the commission that the claimant has suffered a medical impairment of fifty percent; or (C) has sustained a thirty-five percent statutory disability pursuant to the provisions of subdivision (f) of this section. Upon filing an application, the claim will be reevaluated by the examining board…to determine if the claimant has suffered a whole-body medical impairment of fifty percent or more resulting from either a single occupational injury or occupational disease or a combination of occupational injuries and occupational diseases…

After review, we conclude that the OOJ, as affirmed by the Board, was not clearly wrong in finding that Mr. Vetter has not established that he has at least 50% whole person impairment as required by West Virginia Code § 23-4-6(n)(1) to be entitled to PTD. Mr. Vetter met the first criteria or threshold for applying for a PTD award, i.e., having PPD awards that combined equal at least a 50% whole person impairment. However, after his back injury was reevaluated, Mr. Vetter's whole person impairment was found to be 39%. The OOJ found that the reports and findings of Drs. Zaldivar, Grady, and Bailey were more persuasive than that of Dr. Rose due to her use of Table 85-20-A from West Virginia Code of State Rules § 85-20-A rather than the AMA *Guides*.

4

Finding no error in the Board's order affirming the OOJ's order, we affirm.

Affirmed.

**ISSUED:** February 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen